United States District Court
Southern District of Texas

**ENTERED**

November 24, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUAN NGUYEN,<br>TDCJ #02050216, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-19-4471 |
| BOBBY LUMPKIN, Director,[1] | § | |
| Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division, | § | |
| | § | |
| | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Quan Nguyen, also known as Cane Nguyen, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1), challenging a murder conviction that was entered against him in Harris County, Texas. He has filed a separate Brief in Support of a Petition for a Writ of Habeas Corpus of a Person in State Custody ("Petitioner's Brief," Docket Entry No. 6). Now pending is the respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 13), to which Nguyen has filed a reply ("Petitioner's Reply") (Docket Entry No. 15). After considering all of the pleadings, the state court record, and the applicable

---

[1]The previously named respondent, Lorie Davis, no longer serves as Director of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Therefore, the court substitutes her successor, Director Bobby Lumpkin, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

law, the court will grant Respondent's MSJ and dismiss this action for the reasons explained below.

## I.   <u>Background</u>

A local grand jury returned an indictment against Nguyen in Harris County Case No. 1475832, accusing him of intentionally causing the death of Brian McBee on August 18, 2014, by stabbing him with a deadly weapon, namely a knife or an unknown sharp object.[2]  Alternatively, the indictment alleged that Nguyen caused McBee's death by committing an act clearly dangerous to human life by stabbing him with a deadly weapon, namely a knife or an unknown sharp object.[3]   The indictment was enhanced for purposes of punishment with two additional paragraphs, which the State later abandoned,[4] alleging that Nguyen had at least two prior felony convictions for forgery and burglary.[5]

### A.   Nguyen's Trial Proceeding

At trial the State presented evidence showing that Nguyen and several other individuals were purchasing and using drugs in a small motel room rented by a mutual friend, Angel Keith, when

---

[2]<u>See</u> Indictment, Docket Entry No. 14-1, p. 7.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

[3]Indictment, Docket Entry No. 14-1, p. 7.

[4]Court Reporter's Record, vol. 6, Docket Entry No. 14-21, p. 6.

[5]Indictment, Docket Entry No. 14-1, p. 7.

Nguyen stabbed McBee in the chest without provocation,[6] causing his death.[7] The incident occurred during a dispute between Nguyen's girlfriend, Dana Chesney, and McBee's girlfriend, Fallon Wagner, who owed Chesney money for drugs she had purchased from her previously.[8] Two other women, who were strippers or prostitutes known by their street names (later identified as Jody Meek and Alissa Benavides), were also present during the dispute between Wagner and Chesney, which escalated into a physical altercation that coincided with the stabbing.[9]

McBee was seated in the small kitchen area of the motel room, adjacent to where the women were arguing, and Nguyen was standing in front of him.[10] Wagner testified that she heard Nguyen ask McBee whether he "smoked" and, if so, whether he had a crack pipe.[11] Wagner testified that when McBee stood up from his chair to retrieve a crack pipe from his pocket, Nguyen pulled out a knife

---

[6]Court Reporter's Record, vol. 3, Docket Entry No. 14-18, pp. 41-47, 111-28, 137-39, 158-66, 219-25, 235-41.

[7]Court Reporter's Record, vol. 4, pp. 44-45.

[8]Court Reporter's Record, vol. 3, pp. 110-11, 122-25, 219-26.

[9]Id. at 114-16, 120, 125-29, 139-43, 148-49, 193-96, 233-37.

[10]Id. at 231-32; Court Reporter's Record, vol. 7, Docket Entry No. 14-24, pp. 63-64 (Diagram of Motel Room).

[11]Court Reporter's Record, vol. 3, Docket Entry No. 14-18, pp. 125, 148.

and stabbed him in the heart.[12] Wagner estimated that the knife was six or seven inches long.[13] Wagner testified that McBee was a "laid back" person who was just "chilling" at the time of the incident and that Nguyen was the aggressor or "aggravated" party who appeared to be "mad" at McBee for no reason.[14]

Chesney admitted that she was selling drugs to support her drug habit and that Nguyen was involved in the business,[15] adding that she and Nguyen spent "a lot" of their time smoking crack cocaine.[16] Chesney testified that while she was demanding the money that Wagner owed her she overheard Nguyen engage in some "banter" or "small talk" with McBee in the kitchen area.[17] Chesney heard Nguyen ask McBee if he wanted to smoke some crack and she also heard Nguyen ask McBee if he had a crack pipe.[18] Moments later Chesney saw McBee stand up from his chair and then saw Nguyen stab McBee in the chest with what looked like a steak knife.[19] Chesney observed that Nguyen appeared to be taunting McBee prior to the

---

[12]Id. at 126-28, 158-59.

[13]Id. at 131.

[14]Id. at 137-39, 155.

[15]Id. at 217-18, 226.

[16]Id. at 221.

[17]Id. at 235-36.

[18]Id. at 235-36, 250.

[19]Id. at 237-39.

-4-

stabbing, noting that McBee was being "very quiet" and "very standoffish" while Nguyen was behaving in an aggressive manner.[20]

Although the knife that was used to stab McBee was not recovered, police officers found another steak knife in the kitchen sink of the motel room.[21] The medical examiner testified that a sharp object, most likely a knife, was plunged at least six-and-one-half inches into McBee's chest, striking his heart, diaphragm, and liver.[22] The medical examiner clarified that a wound of that depth required enough force for the knife to penetrate the cartilage of McBee's rib cage.[23] Noting that the stab wound was neither self-inflicted nor accidental in nature, the medical examiner ruled the death a homicide.[24]

Nguyen testified that when he entered the motel room he noticed that McBee looked "tired" and that he was in "rough" shape.[25] Nguyen knew all of the women in the room, but did not know McBee, which made Nguyen feel "awkward" because he was

---

[20]Id. at 237-38, 249-50.

[21]Id. at 77-78, 82, 199-200, 206; State's Ex. 28, Photograph of Knife, Court Reporter's Record, vol. 7, Docket Entry No. 14-23, p. 52.

[22]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 32-33, 49; State's Ex. 62, Autopsy Report, Docket Entry No. 14-24, p. 10.

[23]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 33-34.

[24]Id. at 44-45.

[25]Id. at 86.

uncomfortable using illegal drugs around someone he did not know.[26]
In effort to make his acquaintance, Nguyen asked McBee if he used
drugs and offered him some crack cocaine.[27] When McBee accepted the
offer Nguyen asked him if he had a "glass stem" or crack pipe.[28]
After Nguyen obtained a rock of crack cocaine from Chesney,[29] he
began using a steak knife to cut the rock into pieces, which he
planned to distribute to others in the room.[30]  When the argument
between Wagner and Chesney became increasingly aggressive, Nguyen
put the cocaine in his pocket and then he stabbed McBee with the
knife he had been using.[31]

Nguyen testified that he stabbed McBee in self-defense
although the account of his actions was, at best, inconsistent.[32]
Nguyen testified that he "brought the knife up" and then "pushed"
it into McBee when McBee stood up from his chair because Nguyen
believed that McBee was attacking him, which caused Nguyen to
become "scared" and "frightened."[33]  Nguyen also testified that he
did not intend to stab McBee, saying that McBee "jumped into knife"

---

[26]*Id.* at 88, 89.

[27]*Id.* at 88-90.

[28]*Id.* at 90.

[29]*Id.* at 91-93.

[30]*Id.* at 95, 96-97.

[31]*Id.* at 96, 104-07.

[32]*Id.* at 107-08.

[33]*Id.*

and characterizing the incident as a "freak accident."[34]  After the stabbing occurred, Nguyen fled the motel with Chesney after retrieving a locked case filled with drugs and drug paraphernalia that Nguyen had brought to the motel.[35]  Nguyen drove a few miles from the scene before discarding the knife, which Chesney had wiped off.[36]

On cross-examination, Nguyen repeated his claim that McBee jumped into the knife by accident while at the same time asserting that he acted in self-defense by thrusting and pushing the knife into McBee because he was "afraid for [his] life."[37]  Although Nguyen insisted that he merely "flicked" the knife, the prosecutor noted that his account was contradicted by the medical examiner's testimony that the knife blade went six-and-a-half inches into McBee's chest cavity, through skin, muscle, and two organs.[38] Nguyen conceded that he did not tell police that he was scared of McBee or that he had acted in self-defense when he gave his statement the day after the stabbing occurred.[39]  Nguyen also admitted that McBee did not touch him or have anything in his hands

---

[34]Id. at 107, 108, 109.

[35]Id. at 110-11.

[36]Id. at 111-12.

[37]Id. at 120, 125.

[38]Id. at 143-44.

[39]Id. at 147-48.

and that he looked tired, as if he were "trying to stay awake" during the encounter.[40] Nguyen admitted further that he lied to the police by denying that he stabbed McBee,[41] explaining that he was "really high" at the time he was interviewed.[42]

A homicide detective (Sergeant Mark Holbrook) testified in rebuttal, confirming Nguyen made no mention in his statement to police the day after the incident occurred that he was afraid of McBee at any time.[43]   According to that statement, which was recorded and played for the jury, Nguyen also boasted that he was the one selling drugs that day.[44]

After hearing all of the evidence and argument from counsel, a jury in the 230th District Court for Harris County rejected Nguyen's self-defense theory and found him guilty of murder.[45] After the State presented evidence of Nguyen's lengthy criminal record and testimony about his violent tendencies while high on drugs, the same jury sentenced Nguyen to 60 years' imprisonment.[46]

---

[40]Id. at 150.

[41]Id. at 148, 166.

[42]Id. at 148.

[43]Id. at 175.

[44]Id. at 176.

[45]Court Reporter's Record, vol. 5, Docket Entry No. 14-20, p. 30; Judgment of Conviction by Jury, Docket Entry No. 14-5, p. 5.

[46]Court Reporter's Record, vol. 6, Docket Entry No. 14-21, pp. 11-56, 70; Judgment of Conviction by Jury, Docket Entry No. 14-5, p. 5.

## B.   Nguyen's Direct Appeal

On direct appeal Nguyen argued that his trial attorney was ineffective for recommending that he abandon his request to include an instruction in the jury charge on the lesser-included offense of aggravated assault.[47]   An intermediate court of appeals rejected that argument and concluded that Nguyen was not entitled to the instruction after setting forth the evidence presented at trial about the events surrounding McBee's death, which will not be repeated here.   See Nguyen v. State, No. 14-15-01023-CR, 2017 WL 1540810, at *3-4 (Tex. App. — Houston [14th Dist.] April 27, 2017) (mem. op., not designated for publication).[48]   Thereafter, the Texas Court of Criminal Appeals refused Nguyen's petition for discretionary review.[49]

## C.   Nguyen's State and Federal Habeas Petitions

Nguyen challenged his conviction further by filing an Amended Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application") with the trial court.[50] Nguyen argued that he was entitled to relief because:

---

[47]Appellant's Brief, Docket Entry No. 14-6, p. 8.

[48]Memorandum Opinion, Docket Entry No. 14-8, pp. 5-7.

[49]Electronic Record, Docket Entry No. 14-15, p. 1.

[50]State Habeas Application, Docket Entry No. 14-30, pp. 38-54.

-9-

(1)   he was denied effective assistance of counsel
      during the guilt-innocence phase of the trial when
      his attorney:

   (a)   failed to object to testimony about
         Nguyen's prior conviction for possession
         of a controlled substance and details
         about another prior conviction for
         assault involving family violence;

   (b)   failed to move to exclude or object to
         evidence of the deceased's positive
         attributes;

   (c)   elicited testimony from a police officer
         that the State's witnesses were credible;
         and

   (d)   failed to request a jury instruction on
         the lesser-included offense of man-
         slaughter; and

(2)   he was denied effective assistance of counsel on
      appeal when his attorney failed to raise an issue
      about whether the trial court erred by overruling
      objections to:

   (a)   improper opinion testimony given by a
         police officer; and

   (b)   a misstatement of law by the prosecutor
         during closing argument.[51]

The state habeas corpus court entered detailed findings of fact and

conclusions of law ("Findings and Conclusions"), recommending that

Nguyen's application be denied because he was not entitled to

relief on any of his claims.[52]   The Texas Court of Criminal Appeals

---

[51]*Id.* at 43-45.

[52]The lengthy set of Findings and Conclusions were filed
electronically in two docket entries that the court has identified
as Part One and Part Two. *See* Findings and Conclusions (Part One),
Docket Entry No. 14-31, pp. 44-72; Findings and Conclusions, (Part
Two), Docket Entry No. 14-32, pp. 1-16.

agreed and denied relief without a written order based on the state habeas corpus court's findings.[53]

Nguyen now seeks federal habeas corpus relief from his conviction under 28 U.S.C. § 2254 based on the same ineffective-assistance claims that were raised and rejected on state habeas review.[54]   The respondent argues that Nguyen is not entitled to relief because his claims are without merit under the deferential federal habeas corpus standard of review.[55]

## II.   <u>Standard of Review</u>

The Texas Court of Criminal Appeals rejected all of Nguyen's claims without a written order, which qualifies as an adjudication on the merits that is subject to deference under the federal habeas corpus standard of review found in 28 U.S.C. § 2254(d).   <u>See Anaya v. Lumpkin</u>, 976 F.3d 545, 550 (5th Cir. 2020).   Under this standard a federal habeas corpus court may not grant relief unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[53]Action Taken on Writ No. 90,139-01, Docket Entry No. 14-35, p. 1.

[54]Petition, Docket Entry No. 1, p. 6; Petitioner's Brief, Docket Entry No. 6, pp. 14-40.   The court notes that Nguyen has been represented by counsel on both state and federal habeas review.   As a result, his pleadings are not subject to the liberal standard afforded <u>pro se</u> litigants.   <u>See Haines v. Kerner</u>, 92 S. Ct. 594, 596 (1972) (per curiam).

[55]Respondent's MSJ, Docket Entry No. 13, pp. 13-24.

Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Likewise, if a claim presents a question of fact, a petitioner cannot obtain federal habeas relief unless he shows that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

The highly deferential legal standard established by § 2254(d) "imposes important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases." Shoop v. Hill, 139 S. Ct. 504, 506 (2019). In conducting its review under 28 U.S.C. § 2254(d), this court looks to the last reasoned state court judgment that considered and rejected the petitioner's federal claim. See Ylst v. Nunnemaker, 111 S. Ct. 2590, 2594 (1991); see also Wilson v. Sellers, 138 S. Ct. 1188, 1193-94 (2018). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations and internal quotation marks omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice."

-12-

<u>Woods v. Donald,</u> 135 S. Ct. 1372, 1376 (2015) (quoting <u>White v. Woodall,</u> 134 S. Ct. 1697, 1702 (2014)).   "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"   <u>Id.</u> (quoting <u>Harrington v. Richter,</u> 131 S. Ct. 770, 786-87 (2011)).

A state court's factual determinations are also entitled to "substantial deference" on federal habeas corpus review.   <u>Brumfield v. Cain,</u> 135 S. Ct. 2269, 2277 (2015); <u>Wood v. Allen,</u> 130 S. Ct. 841, 849 (2010) (noting that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance").   A state court's findings of fact are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   The presumption of correctness extends not only to express factual findings, but also to implicit or "'unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'"   <u>Murphy v. Davis,</u> 901 F.3d 578, 597 (5th Cir. 2018) (quoting <u>Valdez v. Cockrell,</u> 274 F.3d 941, 948 n.11 (5th Cir. 2001)).

## III.  Discussion

### A.  Ineffective Assistance of Counsel at Trial (Claim 1)

Nguyen's primary claim is that his lead defense counsel, Lott Brooks, was constitutionally ineffective during the guilt-innocence phase of his trial.[56]  A criminal defendant's right to effective assistance of counsel is guaranteed by the Sixth Amendment.  See U.S. CONST. amend. VI; McMann v. Richardson, 90 S. Ct. 1441, 1449 n.14 (1970) ("It has long been recognized that the [Sixth Amendment] right to counsel is the right to the effective assistance of counsel.") (citations omitted).  Claims for ineffective assistance of counsel are governed by the clearly established standard announced in Strickland v. Washington, 104 S. Ct. 2052 (1984).  To prevail under the Strickland standard a criminal defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance resulted in prejudice.  Id. at 2064.  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable."  Id.

To satisfy the deficient-performance prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, 104 S. Ct. at 2064.  This

---

[56]The trial transcript shows that Nguyen was represented by two attorneys at his murder trial, but his ineffective-assistance claims find fault only with Brooks, who was his lead trial counsel. See Petitioner's Brief, Docket Entry No. 6, pp. 17-33.

is a "highly deferential" inquiry that requires "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 2065. "It is only when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment that Strickland's first prong is satisfied." Buck v. Davis, 137 S. Ct. 759, 775 (2017) (citation and internal quotation marks omitted).

To satisfy the prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 104 S. Ct. at 2068. A habeas petitioner must "affirmatively prove prejudice." Id. at 2067. A petitioner cannot satisfy the second prong of Strickland with mere speculation and conjecture. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to demonstrate either deficient performance or actual prejudice. See Day v. Quarterman, 566 F.3d 527, 540-41 (5th Cir. 2009).

### 1.  Failure to Object to Testimony About Prior Convictions

In Claim 1a, Nguyen contends that his counsel was deficient for failing to exclude or object to questions posed by the prosecutor on cross-examination for purposes of impeachment about

certain prior convictions.[57]   Nguyen had admitted on direct examination that he had several prior felony convictions for forgery in 1996, 2000, and 2008, another prior felony conviction for burglary in 2008, and a prior conviction from Harris County for "misdemeanor assault" in 2013.[58] During that testimony, Nguyen also conceded that he had been a drug user since the 1980s.[59] Nguyen takes issue with the following exchange, in which the prosecutor clarified that Nguyen's prior conviction for misdemeanor assault involved family violence against his common-law wife and which also showed that he had another prior felony conviction from Harris County for "PCS" or possession of a controlled substance in 2014:[60]

> [State]:      Let's go through – I think we missed
>                maybe one conviction of yours.  You have
>                a PCS case from this county from 2014,
>                correct, a felony conviction?
>
> [Nguyen]:     Yes.
>
> [State]:      Okay.  And so, just to clarify.  You have
>                felony convictions in three states?
>
> [Nguyen]:     Yes.
>
> [State]:      So, that's Virginia?

---

[57]Petition, Docket Entry No. 1, p. 6; Petitioner's Brief, Docket Entry No. 6, pp. 17-20.

[58]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 62-65.

[59]Id. at 63-64.

[60]Petition, Docket Entry No. 1, p. 6; Petitioner's Brief, Docket Entry No. 6, pp. 17-20.

-16-

| [Nguyen]: | Virginia, South – |
|---|---|
| [State]: | South Carolina and Texas? |
| [Nguyen]: | Yes. |
| [State]: | And you also talked about an assault case here, correct? |
| [Nguyen]: | Yes. |
| [State]: | And that's actually an assault against a family member conviction, right? |
| [Nguyen]: | Yes. |
| [State]: | So, that means you assaulted your wife in that instance? |
| [Nguyen]: | I took the plea. |
| [State]: | Okay. |
| [Nguyen]: | Okay. |
| [State]: | So, is this a yes that you were convicted of assaulting your family member? |
| [Nguyen]: | . . . yes.[61] |

Nguyen argues that this testimony was inadmissible under Rule 609(a) of the Texas Rules of Evidence and that defense counsel was deficient for failing to raise an objection or file a pretrial motion in limine under Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992), to exclude any mention of these convictions.[62]

Evidence of a felony conviction or a misdemeanor involving an offense of moral turpitude may be admissible to impeach the

---

[61]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 116-17.

[62]Petitioner's Brief, Docket Entry No. 6, pp. 17-20.

-17-

credibility of a witness if "the probative value of the evidence outweighs its prejudicial effect to a party[.]" TEX R. EVID. 609(a)(2); see also FED. R. EVID. 609(a)(1).  In Theus, the Texas Court of Criminal Appeals observed that the proponent has the burden to prove a conviction's admissibility for purposes of impeachment and outlined a non-exclusive list of factors to be considered when weighing the conviction's probative value against its prejudicial effect, including: "(1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the witness' subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue." Theus, 845 S.W.2d at 880 (citation omitted).

Defense counsel provided an affidavit to the state habeas corpus court in response to Nguyen's ineffective-assistance claims.[63]  Counsel explained that his standard practice was to "consider the likelihood of prevailing on an objection and the negative impact it could have on [his] client, including how the jury will perceive that objection."[64] When deciding whether to object, his practice was to "look at the jurors during trial and

---

[63]Affidavit of Lott Brooks ("Brooks Affidavit"), Docket Entry No. 14-31, pp. 7-9.

[64]Id. at 7.

-18-

try to get a feel for how they are responding to the evidence."[65]
Based on his review of the record, Brooks stated that he did not
raise an objection to the testimony about Nguyen's prior
convictions on cross-examination because doing so would have
appeared argumentative to the jury and "the judge would have
allowed it to come in anyway."[66]

The state habeas corpus court found counsel's affidavit to be
"credible" and rejected Nguyen's ineffective-assistance claims.[67]
With regard to the State's mention that his prior conviction for
assault involved family violence, the state court noted that the
facts distinguishing a simple assault from an assault involving
family violence were relevant for purposes of proving
admissibility.[68]  Specifically, the state habeas corpus court
observed that a misdemeanor assault conviction involving a male
assaulting a female family member was admissible as a crime of
moral turpitude whereas a misdemeanor conviction for simple assault
was not.[69]  Finding further that Nguyen failed to establish that his

_____

[65]Id.

[66]Id.

[67]Findings and Conclusions (Part One), Docket Entry No. 14-31,
pp. 59-66.

[68]Id. at 62-63.

[69]Id. at 63 (citing Hardeman v. State, 868 S.W.2d 404, 407
(Tex. App. — Austin 1993, pet. dism'd) ("a conviction for
misdemeanor assault . . . by a man against a woman is a crime
involving moral turpitude")).

counsel had a meritorious objection or argument to exclude the conviction under <u>Theus</u>,[70] the state habeas corpus court concluded that defense counsel was not deficient and that Nguyen also failed to establish that he was prejudiced as a result of the evidence because the prosecutor never mentioned the prior assault conviction during closing arguments of the guilt-innocence phase of the proceeding.[71] Nguyen does not challenge this determination.

Nguyen argues that his 2014 felony conviction for possession of a controlled substance should have been excluded because it had "minuscule probative value" that did not "outweigh its prejudicial effect."[72] The state habeas corpus court rejected this argument, observing that Nguyen admitted that he was a long-time drug user, that his girlfriend (Dana Chesney) was a drug dealer, and that he arrived at the scene of the offense with Chesney to collect money owed for a previous drug purchase while carrying a briefcase that contained crack cocaine and drug paraphernalia.[73] The state habeas court also noted that all of the State's witnesses who were present

---

[70]<u>Id.</u> at 63, 64-65.

[71]<u>Id.</u> at 64-66.

[72]Petitioner's Brief, Docket Entry No. 6, p. 18.

[73]Findings and Conclusions (Part One), Docket Entry No. 14-31 pp. 61-62.

when the offense occurred admitted having previous drug convictions.[74]

Based on these findings, which Nguyen does not challenge, the state habeas corpus court concluded that Nguyen did not establish that defense counsel had a meritorious objection or that his performance was deficient for failing to invoke Theus.[75]   Noting that the prosecutor did not explain what "PCS" meant during her questioning and did not mention the conviction for possession of a controlled substance during her closing argument at the guilt-innocence phase of the proceeding, the state habeas corpus court concluded further that Nguyen also failed to demonstrate that he was prejudiced by the admission of this testimony.[76]

Where an ineffective-assistance claim was rejected by the state court, the Supreme Court has clarified that the issue on federal habeas review is not whether "'the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'"   Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009) (citation omitted).   When applied in tandem with the highly deferential standard found in 28 U.S.C. § 2254(d), review of ineffective-assistance claims is "doubly deferential" on habeas

---

[74]Id. at 62.

[75]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 61.

[76]Id. at 62, 65-66.

corpus review.  Id. at 1413; see also Richter, 131 S. Ct. at 788
(emphasizing that the standards created by Strickland and § 2254(d)
are both "highly deferential," and "'doubly' so" when applied in
tandem) (citations and quotations omitted); Beatty v. Stephens, 759
F.3d 455, 463 (5th Cir. 2014) (same).

    Nguyen does not show that his counsel's performance was
ineffective under the doubly deferential standard.  Nguyen does not
demonstrate that a motion in limine under Theus would have been
granted or that an objection would have succeeded in excluding
testimony about his prior convictions for assault involving a
family member in 2013, and possession of a controlled substance in
2014, which were close in time to the offense, which also occurred
in 2014, and were relevant to the circumstances of that offense,
which involved drugs and a violent, unprovoked act by Nguyen
against an unarmed victim.  "Failure to raise meritless objections
is not ineffective lawyering; it is the very opposite."  Clark v.
Collins, 19 F.3d 959, 966 (5th Cir. 1994).  Absent a showing that
defense counsel had, but failed to raise a meritorious objection or
argument, Nguyen does not demonstrate that his counsel was
deficient or that he was harmed as a result.  See Paredes v.
Quarterman, 574 F.3d 281, 291 (5th Cir. 2009).  Accordingly, Nguyen
does not show that the state court's decision was an unreasonable
application of the deferential standard found in Strickland and he
is not entitled to relief on Claim 1a under § 2254(d).

### 2.   Failure to Object to Testimony About the Deceased

In Claim 1b, Nguyen contends that his counsel was deficient during the guilt-innocence phase of the proceeding for failing to object or file a pretrial motion in limine to exclude evidence of the deceased's positive attributes.[77]   Nguyen notes that McBee's girlfriend, Fallon Wagner, testified without objection that McBee was a "good guy."[78] The record shows that this remark was made in the following context:

> [State]:       And what was Brian's demeanor usually like?
>
> [Wagner]:      Laid back.
>
> [Defense]:     I'll object.   Calls for relevance.
>
> [Court]:       Overruled.
>
> [State]:       Laid back?
>
> [Wagner]:      Calm, nice.
>
> [State]:       You described him as a good guy, right?
>
> [Wagner]:      Very.[79]

In addition, Nguyen notes that McBee's father was allowed to testify about his son's positive traits without any objection from

---

[77]Petition, Docket Entry No. 1, p. 6.

[78]Petitioner's Brief, Docket Entry No. 6, p. 20 (referencing a statement found at 3 RR 138).

[79]Court Reporter's Record, vol. 3, Docket Entry No. 14-18, p. 138.

defense counsel.[80]    Specifically, while providing background information about the deceased, McBee's father testified that his son was "always a good kid," that he had studied business while a college student at Texas Tech University, that he hoped to work for an investment firm someday, and that he "always wore a cross."[81] Nguyen argues defense counsel was deficient because testimony about the victim's positive attributes was irrelevant and unduly prejudicial at the guilt-innocence phase.[82]

In response to Nguyen's ineffective-assistance claim, defense counsel explained that "an objection looks very argumentative when someone who cared for a complainant is testifying about their deceased loved one."[83] Counsel observed that in his experience "most people will say good things about the deceased, so of course they are going to say he is a good guy."[84]    Accordingly, his standard practice was to proceed with caution when objecting during testimony about the deceased from a loved one.[85]    Based on his review of the record, counsel stated that he did not object to the

---

[80]Petitioner's Brief, Docket Entry No. 6, p. 20 (referencing comments made at 4 RR 9, 12).

[81]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 9, 12.

[82]Petitioner's Brief, Docket Entry No. 6, p. 21.

[83]Brooks Affidavit, Docket Entry No. 14-31, p. 8.

[84]Id.

[85]Id.

testimony given by Wagner or McBee's father because he "did not want to be perceived as beating up on the dad and the girlfriend."[86]

After considering defense counsel's affidavit and the trial transcript, which showed that counsel later used Wagner's comments about the deceased to indicate that her account of the events was biased as the result of her feelings for him,[87] the state habeas corpus court concluded that Nguyen "fail[ed] to overcome the strong presumption that defense counsel's actions were reasonable and based on sound trial strategy."[88]  The state habeas corpus court reached the same conclusion with respect to the testimony given by McBee's father, finding that counsel's actions "were reasonable and based on sound trial strategy."[89]

For similar reasons, the state habeas corpus court also rejected Nguyen's claim that defense counsel should have moved to exclude testimony about the deceased's positive traits by filing a pretrial motion in limine.[90]  The state habeas corpus court noted that the State is permitted to present "victim background evidence" and that Nguyen failed to show that the trial court would have

---

[86]Id.

[87]Court Reporter's Record, vol. 5, Docket Entry No. 14-20, p. 15.

[88]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 67.

[89]Id. at 71.

[90]Findings and Conclusions (Part Two), Docket Entry No. 14-32, pp. 1-2.

-25-

granted a vaguely worded motion in limine to exclude any evidence that was arguably positive.[91]  Even assuming that the trial court had granted such a motion in limine, the state court found that Nguyen failed to show that it would have impacted the State's questioning of Wagner and McBee's father or that defense counsel's strategic decision regarding whether to object while they testified about their deceased loved one would have changed.[92]  In that regard, the state habeas corpus court observed that testimony about McBee's general demeanor and affability was relevant to refuting Nguyen's claim of self-defense.[93]

The record reflects that defense counsel made a strategic decision not to object to the challenged testimony from the deceased's loved ones.  Strategic decisions made by counsel during the course of trial are entitled to substantial deference that does not permit judicial second-guessing or hindsight.  See Strickland, 104 S. Ct. at 2065 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight").  As noted above, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action might be

---

[91]Id. at 2.

[92]Id. at 2-3.

[93]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 72.

-26-

considered sound trial strategy." Id. (citation and internal quotation marks omitted). The Fifth Circuit has recognized that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Pape v. Thaler, 645 F.3d 281, 291 (5th Cir. 2011) (citation and internal quotation marks omitted).

Review of the state habeas corpus court's decision shows that it adhered to the deferential standard and the presumption of reasonableness accorded to strategic decisions, which is required under Strickland. See 104 S. Ct. at 2065. Nguyen does not show that defense counsel's strategic decision to forgo an objection to the testimony given by the deceased's girlfriend or his father, which was limited to isolated remarks about the deceased's general demeanor and certain aspects of his background, was unreasonable or that his performance was deficient. As a result, his ineffective-assistance claim fails and he cannot establish a claim for relief.

Alternatively, the state habeas corpus court also concluded that Nguyen failed to establish prejudice because the prosecutor did not mention any of the testimony about the victim's positive attributes during closing argument, other than to note that McBee never had the chance to marry and have children because he was killed at a relatively young age.[94]  Therefore, the state habeas

---

[94]Id. at 66, 70-71.

corpus court concluded that Nguyen also failed to demonstrate that there was a reasonable probability that, but for defense counsel's decision to not object to testimony about the deceased's positive attributes, the result of his proceeding would have been different.[95]  Because the record supports the state court's finding that the challenged remarks were not emphasized during the closing argument on guilt-innocence,[96] Nguyen also fails to show that he was prejudiced as a result of counsel's strategic decision. Accordingly, Nguyen fails to demonstrate that the state court's decision was an unreasonable application of the Strickland standard, and he is therefore not entitled to relief on Claim 1b.

### 3.   Eliciting Testimony About Witness Credibility

In Claim 1c, Nguyen contends that his trial attorney was deficient during the guilt-innocence phase of the proceeding for eliciting testimony from a police officer that the State's witnesses were credible.[97]  The testimony at issue occurred during defense counsel's cross-examination of Sergeant Mark Holbrook who, as a homicide detective assigned to the investigation, testified that he interviewed the women who were present in the motel room when Nguyen stabbed McBee and found no indication that Nguyen was

---

[95]Id. at 68, 72.

[96]See Court Reporter's Record, vol. 5, Docket Entry No. 14-20, p. 28.

[97]Petition, Docket Entry No. 1, p. 6.

acting in self-defense based on what the women told him.[98]  Those
women included Fallon Wagner and Dana Chesney,[99] who both admitted
during their testimony that they had prior drug convictions,[100] and
two other women who did not testify (Jody Meek and Alissa
Benavides), who were difficult for police to locate because they
were prostitutes.[101]

Nguyen takes issue with the way in which defense counsel
challenged the validity of Sergeant Holbrook's determination that
there was no indication of self-defense based on information from
witnesses who were drug users and prostitutes:

> [Defense]:     Now, you - discussed the issue of self-
> defense.  In that you relied on testimony
> of witnesses who you admitted to the jury
> are prostitutes and people who avoid
> contact with law enforcement; is that
> right?
>
> [Holbrook]:    That is true, sir.
>
> [Defense]:     All right.  And those people did not have
> counsel when you talked to them, did
> they?
>
> [Holbrook]:    No, they did not.
>
> [Defense]:     And, in fact, you had to go seek them
> out.  And you admit yourself it was
> difficult to get them.

---

[98]Court Reporter's Record, vol. 3, Docket Entry No. 14-18,
pp. 197-99.

[99]Id. at 182-84.

[100]Id. at 107, 218.

[101]Id. at 193-96.

[Holbrook]:      That's true.

[Defense]:       . . . [S]o the ladies and gentlemen of
                 the jury relying on their testimony to
                 render an opinion on whether or not there
                 was an issue of self-defense.

[Holbrook]:      That is true.

[Defense]:       And so, you're taking people who you tell
                 the ladies and gentlemen of the jury are
                 prostitutes and criminals, who don't have
                 credibility, yet you - you're relying on
                 their testimony to testify before this
                 jury today; isn't that right?

[State]:         Objection, argumentative.

[Court]:         Overruled.

[Holbrook]:      I found it to be credible when they were
                 talking to me about this incident.  Now,
                 about their whole lifestyle, I'm not so
                 sure.[102]

Nguyen argues that defense counsel was deficient during this

exchange for eliciting an opinion from Holbrook about whether the

State's witnesses were credible, which is normally inadmissible

evidence.[103]

   In response to this allegation, defense counsel explained in

his affidavit that he questioned Sergeant Holbrook as he did

because he was trying to challenge the validity of his

determination about whether Nguyen had acted in self-defense by

highlighting the fact that Holbrook had relied on "prostitutes and

---

[102]Id. at 210-12.

[103]Petitioner's Brief, Docket Entry No. 6, pp. 23-25.

criminals" to make that decision.[104] Crediting counsel's explanation that he was attempting to highlight the incredulous nature of Holbrook's determination, the state habeas corpus court found that Nguyen failed "to overcome the strong presumption that all of [trial counsel]'s actions were reasonable and based on sound trial strategy."[105] As a result, the state habeas corpus concluded that Nguyen failed to prove deficient performance on his counsel's part for challenging Sergeant Holbrook's determination about whether there was an indication of self-defense based on the source of his information.[106] Noting further that the prosecutor made no mention of Sergeant Holbrook's assessment during her closing argument, the state court also concluded that Nguyen failed to establish the requisite prejudice because he did not demonstrate that, but for his counsel's question, "the result of the proceeding would have been different."[107]

As the state habeas corpus court correctly observed, reviewing courts must avoid judicial second-guessing or hindsight analysis when considering defense counsel's strategy at trial,[108] which is

---

[104]Brooks Affidavit, Docket Entry No. 14-31, p. 8.

[105]Findings and Conclusions (Part Two), Docket Entry No. 14-32, pp. 4-5.

[106]Id. at 5.

[107]Id.

[108]Id. (citing Blott v. State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979) (courts will not "second-guess through hindsight the
(continued...)

consistent with the standard articulated by the Supreme Court in _Strickland,_ 104 S. Ct. at 2065 (stating that a reviewing court must make "every effort . . . to eliminate the distorting effects of hindsight"). To the extent that counsel's questions to Sergeant Holbrook were part of his strategy to discredit Holbrook's testimony, Nguyen does not show that this strategy was ill chosen under the circumstances or that it was objectively unreasonable for counsel to challenge the basis of Sergeant Holbrook's determination about whether there was evidence to support self-defense. Because Nguyen does not demonstrate deficient performance or actual prejudice, he further fails to show that the state habeas corpus court's decision was an unreasonable application of the _Strickland_ standard or that he is entitled to relief on Claim 1c.

### 4.    Failure To Request a Jury Instruction

Nguyen contends that his trial attorney was deficient during the guilt-innocence phase of the proceeding for failing to request a jury instruction on the lesser-included offense of manslaughter.[109] In support of that argument, Nguyen points to the decision by the intermediate court of appeals, which rejected the argument that Nguyen was improperly denied a jury instruction on

---

[108](...continued)
strategy of counsel at trial nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness.").

[109]Petition, Docket Entry No. 1, p. 6.

whether he was guilty of aggravated assault rather than murder.[110] Nguyen argues that, in doing so, the court of appeals found that there was an issue about whether he acted recklessly, which would entitle him to an instruction on manslaughter.[111]   Reasoning that he was prejudiced as a result of his attorney's failure to request such an instruction, Nguyen maintains that he is entitled to a new trial.[112]

As an initial matter, the state habeas corpus court observed that Nguyen overstated the appellate court's decision about whether the facts warranted an instruction on the lesser-included offense of manslaughter, noting that the court of appeals expressly clarified that "we do **not** decide whether [Nguyen] was entitled to such an instruction in this case as that issue is not presented in this appeal."[113]   The state habeas corpus court then rejected Nguyen's ineffective-assistance claim after considering defense counsel's response and the record, which showed that Nguyen was not entitled to a jury instruction on manslaughter as a lesser-included

---

[110]Petitioner's Brief, Docket Entry No. 6, p. 27; Petitioner's Reply, Docket Entry No. 15, pp. 5-6.

[111]Petitioner's Brief, Docket Entry No. 6, p. 27; Petitioner's Reply, Docket Entry No. 15, pp. 5-6.

[112]Petitioner's Brief, Docket Entry No. 6, pp. 30-33; Petitioner's Reply, Docket Entry No. 15, p. 6.

[113]Findings and Conclusions (Part Two), Docket Entry No. 14-32, p. 6 (emphasis in original) (quoting from footnote number five, found in Nguyen v. State, No. 14-15-01023-CR, 2017 WL 1540810, at *3 (Tex. App. — Houston [14th Dist.] Apr. 27, 2017, pet ref'd (mem op., not designated for publication)).

offense and that counsel's decision to forgo asking for one was not deficient.[114]

In his response to this claim, defense counsel explained that he and his co-counsel had a conversation with Nguyen about the jury instructions.[115]  Due to the passage of time, counsel could not recall the specifics of that conversation, but noted that his standard practice was to consider his client's criminal record and his exposure under the range of punishment available for the charged offense and the potential lesser offense.[116]  He also would have "considered strategically what options the jury [would] be faced with:  murder or acquittal versus a charge with more options that might result in a compromised conviction on a lesser charge instead of acquittal."[117]

The state habeas corpus court found defense counsel's affidavit was "credible" and that "the facts asserted therein [were] true."[118]  The record confirms that a conversation between defense counsel and Nguyen took place because Nguyen agreed in open court with his counsel's decision to forgo requesting a jury

---

[114]Findings and Conclusions (Part Two), Docket Entry No. 14-32, pp. 6-11.

[115]Brooks Affidavit, Docket Entry No. 14-31, p. 8.

[116]Id.

[117]Id.

[118]Findings and Conclusions (Part One), Docket Entry No. 14-31, pp. 59-60.

instruction on the lesser-included offense of aggravated assault.[119] Nguyen maintains that defense counsel did not discuss requesting a manslaughter instruction with him and that their conversation only involved the decision to forgo an instruction on aggravated assault.[120]   Other than his own account, however, Nguyen does not provide any evidence to support his claim that counsel neglected to mention manslaughter as a lesser-included offense.  The Fifth Circuit has "made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Collier v. Cockrell, 300 F.3d 577, 587 (5th Cir. 2002) (citing Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)).

The state habeas corpus court rejected Nguyen's claim that defense counsel was deficient for not requesting a manslaughter instruction and concluded that counsel's decision would have been reasonable under the circumstances of Nguyen's case.[121]   In that respect, the state habeas corpus court noted that defense counsel likely would have determined that pursuing a manslaughter theory based on recklessness would have been inconsistent with Nguyen's testimony, which was that he stabbed McBee in self-defense because

---

[119]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 183-84.

[120]Petitioner's Brief, Docket Entry No. 6, p. 27.

[121]Findings and Conclusions (Part Two), Docket Entry No. 14-32, pp. 8-9.

he was afraid for his life.[122]  In doing so, the state habeas corpus court noted that Texas courts have upheld the denial of a jury instruction on manslaughter where the defendant has argued that his actions were justified by self-defense, which constitutes an intentional act rather than a reckless one.[123]  Compare Tex. Penal Code § 9.31(a) (Subject to certain exceptions, "[a] person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force."), with Tex. Penal Code § 19.04(a) ("A person commits an offense [of manslaughter] if he recklessly causes the death of an individual.").

The respondent notes that the state habeas corpus court's determination that Nguyen was not entitled to a lesser-included instruction on the offense of manslaughter implicates a decision

---

[122]Id. at 9.

[123]Id. at 10-11 (citing Alonzo v. State, 353 S.W.3d 778, 782 & n. 17 (Tex. Crim. App. 2011) (citing Nevarez v. State, 270 S.W.3d 691, 695 (Tex. App. — Amarillo 2008, no pet.) (where defendant in murder trial admitted purposefulness of actions that led to death and argued self-defense, he was not also entitled to manslaughter charge); Martinez v. State, 16 S.W.3d 845, 848 (Tex. App. — Houston [1st Dist.] 2000, pet. ref'd) (same); and Avila v. State, 954 S.W.2d 830, 843 (Tex. App. — El Paso 1997, pet. ref'd) (same)); see also Williams v. State, No. 01-13-00660-CR, 2014 WL 7174255, at *4 (Tex. App. — Houston [1st Dist.] 2000, pet. ref'd) (mem. op., not designated for publication) ("a defendant's testimony that he acted in self-defense precludes a finding that there is some evidence in the record that appellant is guilty only of manslaughter, because a fact finder cannot find both that a defendant acted recklessly and that he acted in self-defense")).

made under Texas law that was adopted by the Texas Court of
Criminal Appeals.[124]   A federal habeas corpus court is required to
defer "and cannot review the correctness of the state habeas
court's interpretation of state law." Amador v. Quarterman, 458
F.3d 397, 412 (5th Cir. 2006) (quoting Young v. Dretke, 356 F.3d
616, 628 (5th Cir. 2004)(declining to review the state habeas
court's determination of the validity of a Texas statute under the
Texas constitution in the context of a Strickland claim); see also
Bradshaw v. Richey, 546 U.S. 74, 126 S. Ct. 602, 604, 163 L.Ed.2d
407 (2005) ("We have repeatedly held that a state court's
interpretation of state law . . . binds a federal court sitting in
habeas corpus."); Estelle v. McGuire, 502 U.S. 62, 67-68, 112
S. Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a
federal habeas corpus court to reexamine state-court determinations
on state-law questions."); Gibbs v. Johnson, 154 F.3d 253, 259 (5th
Cir. 1998) ("As a federal court in a habeas review of a state court
conviction, we cannot review state rulings on state law.")).

Nevertheless, the record supports the state habeas corpus
court's conclusion that Nguyen failed to show that he was entitled
to an instruction on manslaughter under these circumstances or that
counsel's decision to forgo asking for one was unreasonable.   As
noted above, there was ample testimony at trial showing that every
other witness to the incident characterized Nguyen as the aggressor

---

[124]Respondent's MSJ, Docket Entry No. 13, pp. 19-20.

who intentionally stabbed McBee without provocation.[125]   Although
Nguyen attempted to testify that the stabbing was a freak accident,
he stated multiple times that he brought the knife out and thrust
it at the victim because he was in fear and that he was acting in
self defense.[126]   There was also compelling testimony from the
medical examiner, who noted that the knife was plunged into McBee's
chest cavity with enough force to travel over six inches and was
not accidental.[127]   Based on this record, Nguyen does not show that
there was evidence that would permit a rational jury to find him
guilty only of the lesser included offense of manslaughter or that
he was entitled to such an instruction under Texas law.   See Mathis
v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002) (citing Moore
v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); Rousseau v.
State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).

     Nguyen does not demonstrate that the state court's decision
was incorrect or that counsel was deficient for failing to request
a jury instruction on a lesser-included offense in lieu of an all-
or-nothing strategy in hopes of an acquittal on self-defense.   The
Fifth Circuit has held that a defense counsel's all-or-nothing
strategic decision to forego an instruction on the lesser-included

---

     [125]Court Reporter's Record, vol. 3, Docket Entry No. 14-18,
pp. 41-47, 111-28, 137-39, 158-66, 219-25, 235-41.

     [126]Court Reporter's Record, vol. 4, Docket Entry No. 14-19,
pp. 107-09, 118-20, 125, 143-44, 163.

     [127]Id. at 32-33, 44-45, 48.

offense of manslaughter in a murder case may not be faulted where, as here, counsel has "articulated a valid strategic reason for declining the obstruction: to obtain a full acquittal." Mejia v. Davis, 906 F.3d 307, 316 (5th Cir. 2018) (quoting Druery v. Thaler, 647 F.3d 535, 540 (5th Cir. 2011)). Because a manslaughter instruction would have been inconsistent with the defensive theory of self-defense, Nguyen does not demonstrate that counsel's strategy was untenable or otherwise deficient.

Alternatively, the state habeas corpus court also concluded that Nguyen failed to prove "that there is a reasonable probability that, but for Mr. Brooks failing to request a lesser-included offense, the result of the proceeding would have been different," particularly given Nguyen's testimony that, "after stabbing the victim, he left and disposed of the knife after his girlfriend wiped it down," and yet "[t]he day after the murder, [Nguyen] told the police that he did not stab the victim."[128] In view of the eye-witness testimony that described Nguyen's unprovoked attack and the medical examiner's assessment about the depth of McBee's fatal wound, Nguyen further fails to show that a jury likely would have elected to find him guilty of manslaughter instead of murder or that the state habeas corpus court's conclusion was unreasonable under Strickland. Based on this record, Nguyen does not show that

---

[128]Findings and Conclusions (Part Two), Docket Entry No. 14-32, p. 11.

he was denied constitutionally effective counsel at trial or that he is entitled to relief on Claim 1d.

**B.   Ineffective Assistance of Counsel on Appeal**

In Claim 2, Nguyen contends that he was denied effective assistance of counsel on appeal when his appellate attorney, Tim Hootman, failed to raise an issue about whether the trial court erred by overruling objections to: (a) improper opinion testimony given by a police officer; and (b) a misstatement of law by the prosecutor during closing argument.[129] Specifically, Nguyen argues that his appellate attorney was deficient for failing to argue that the trial court erred by overruling an objection to Sergeant Holbrook's "opinion" on whether Nguyen acted in self-defense and by allowing the prosecutor to misstate the law on self defense in her summation at the guilt-innocence phase of the proceeding.[130]

To establish that counsel's performance was deficient in the context of an appeal, a defendant must show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal "that is, that counsel unreasonably failed to discover non-frivolous issues and raise them." Smith v. Robbins, 120 S. Ct. 746, 764 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating

---

[129]Petition, Docket Entry No. 1, p. 6.

[130]Petitioner's Brief, Docket Entry No. 6, pp. 25-39.

a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." Id.

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." Robbins, 120 S. Ct. at 760. Likewise, appellate counsel is not deficient for not raising every non-frivolous issue on appeal. United States v. Reinhart, 357 F.3d 521, 524 (5th Cir. 2004) (citing United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 2000)). To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "fall[s] below an objective standard of reasonableness." Reinhart, 357 F.3d at 524. This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." Id. "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." Id.

### 1.   Improper Opinion Testimony from a Police Officer

In Claim 2a, Nguyen takes issue with testimony by Sergeant Holbrook in response to questioning about whether he considered the issue of self-defense when conducting his investigation and presenting charges to the district attorney's office:

> [State]:        And so, Sergeant, a lot of times in homicide cases you investigate whether, you know, there's self-defense issues, right?

-41-

[Holbrook]:      Yes, ma'am.

[State]:         Okay.  And how does that usually come up?

[Holbrook]:      It usually comes up from people telling
                 us their stories, witness statements.
                 But it's really just people telling us
                 their stories or the defendant telling us
                 a story or circumstances.  But mostly,
                 it's people bring[ing] it up.

[State]:         Is that something that you would
                 typically investigate before presenting a
                 charge to the district attorney's office?

[Defense]:       I would object to that, Judge, as – as to
                 relevance and his opinion.

[Court]:         Overruled as to that question.

[Holbrook]:      Yes, ma'am, it is.

[State]:         Okay.  And did any of those special
                 issues – did you investigate presenting –
                 as to self-defense charge, before
                 presenting the charge to the district
                 attorney's office in this case?

[Defense]:       And now, I would object to it's based on
                 his opinion in regard – possibly issues
                 of a defense based on hearsay.

[Court]:         On this question, I'll overrule it.

[Holbrook]:      I'm sorry.  What was the question again?

[Court]:         Did you investigate before presenting a
                 self-defense it to the district
                 attorney's office in this case?

[Holbrook]:      I didn't come up with any instances of
                 any self-defense involved, if that's an
                 answer.[131]

---

[131]Court Reporter's Record, vol. 3, Docket Entry No. 14-18,
pp. 197-99.

Nguyen argues that the trial court erred by admitting this testimony, which constituted an improper opinion from Sergeant Holbrook about whether he thought Nguyen acted in self defense, and that appellate counsel was deficient for failing to raise that issue on appeal after trial counsel preserved the error for review.[132]

Appellate counsel provided an affidavit in response to this claim, noting that he reviewed an excerpt of the challenged testimony, but could not recall whether he researched case law to determine if a police officer's opinion that the defendant was not acting in self defense was admissible.[133]   Counsel indicated that his "instinct" told him that such testimony was objectionable as "irrelevant and prejudicial," but he could not recall why he did not raise the issue in Nguyen's case.[134]   Counsel added that, as a general rule, "[he] would raise such an issue if it were the only issue in a record in which the defendant received a long sentence."[135]

The state habeas corpus court rejected the ineffective-assistance claim based on Sergeant Holbrook's testimony, finding that appellate counsel's affidavit was "unpersuasive based on its

---

[132]Petitioner's Brief, Docket Entry No. 6, pp. 34-35.

[133]Affidavit of Tim Hootman ["Hootman Affidavit"], Docket Entry No. 14-30, p. 31.

[134]Id.

[135]Id.

content, on the reporter's record, and on case law."[136] The state habeas corpus court found that Nguyen "overstate[d] Sgt. Holbrook's testimony,"[137] and failed to show that it rose to the level of an opinion or that the trial court erred by admitting it.[138] The state habeas corpus court concluded, therefore, that Nguyen failed to demonstrate deficient performance or that there was "a reasonable probability that, but for [appellate counsel]'s failure to raise this particular issue, he would have prevailed on appeal."[139]

According to the authority relied upon by Nguyen, a prosecutor is not allowed to elicit testimony from a police officer or other witness stating that, in his opinion, the defendant is guilty.[140] See Boyde v. State, 513 S.W.2d 588, 590 (Tex. Crim. App. 1974). In Boyde, a police officer was asked whether, at the time of arrest, he was "totally satisfied" that the defendant was guilty and whether he knew of any evidence which would tend to exonerate the defendant or show that he was not guilty. Id. The Court of Criminal Appeals held that this was improper and reversed the conviction due to repeated instances of prosecutorial misconduct. Id.

---

[136]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 50.

[137]Id.

[138]Id. at 52.

[139]Id. at 52-55.

[140]Petitioner's Brief, Docket Entry No. 6, p. 35.

In rejecting Nguyen's claim, the state habeas corpus court found that Boyde was distinguishable because Sergeant Holbrook was not asked his opinion about Nguyen's guilt and the prosecutor did not "repeatedly attempt[] to place matters before the jury which were clearly impermissible."[141] The state habeas corpus court found instead that Holbrook's testimony constituted, at most, an account of his investigation before he presented charges to the district attorney's office and was not an inadmissible opinion regarding Nguyen's guilt.[142] In support of that conclusion the state habeas corpus court relied on several state court decisions, which distinguished opinion testimony from accounts about an officer's observations during an investigation, including an officer's decision that there was enough evidence to contact the district attorney's office to present charges.[143]

---

[141]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 52.

[142]Id. at 52-53.

[143]Id. at 53-55.  The state habeas corpus court relied upon Payne v. State, No. 14-03-00943-CR, 2014 WL 2473840, at *1 (Tex. App. — Houston [14th Dist.] Nov. 4, 2004, no pet.) (mem. op., not designated for publication), which overruled an appellant's claim concerning an officer's testimony that as a result of his investigation he "felt there was enough evidence there to contact the District Attorney's office for charges."  The state habeas court also relied on several other cases, including James v. State, 335 S.W.3d 719, 726 (Tex. App. — Fort Worth 2011, no pet.), which held that a trial court did not abuse its discretion by permitting an officer to testify that a defendant's claim of self-defense did not make any sense based on what she observed.

The record confirms that, unlike the officer in <u>Boyde,</u> Sergeant Holbrook was not asked whether he believed that the defendant was guilty.[144]  Holbrook was only asked about whether his investigation addressed the issue of self-defense before he presented murder charges to the district attorney's office.[145]  Thus, Nguyen fails to establish that the state habeas corpus court's decision was based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d)(2).  Nguyen further fails to establish that Sergeant Holbrook's testimony was inadmissible or that appellate counsel was deficient for failing to raise a meritorious issue to raise on appeal.  <u>See, e.g., Graves v. State,</u> 994 S.W.2d 238, 247 (Tex. App. — Corpus Christi-Edinburg 1999, no pet.) ("Merely because an officer testifies there is evidence for charges to be brought against a defendant, does not suggest that the testimony goes to the defendant's guilt.").  Absent a showing that counsel's performance was deficient or that he would have prevailed on appeal, but for any error by his counsel, Nguyen does not demonstrate that the state court's decision was unreasonable. Accordingly, he is not entitled to relief on this claim.

---

[144]Court Reporter's Record, vol. 3, Docket Entry No. 14-18, pp. 197-99.

[145]<u>Id.</u>

## 2.   The State's Argument on the Law on Self-Defense

In Claim 2b, Nguyen contends that appellate counsel was deficient for failing to argue that the prosecutor made a misstatement of the law during her closing argument at the guilt-innocence phase by advising the jury that Nguyen had a duty to retreat before using deadly force in self-defense.[146]   Nguyen takes issue with the following portion of the argument:

[State]:   The other thing we need to mention in the charge is the duty to retreat. This is important. A person has no duty to retreat if they had a right to be there, they didn't provoke the attack, and they were not engaged in criminal activity. Even if you believe the defendant's story -- okay. Even if you believe it, he had a duty to retreat before he used deadly force against Brian McBee.

[Defense]: I'm going to object, Your Honor. That's a misstatement of the law. We move for a mistrial.

[State]:   No, Your Honor. He was engaged in criminal activity, which is possessing crack cocaine and he used a knife as an object to cut up a crack cocaine.

[Court]:   The jury has been instructed on what the law is. Counsel on both sides are able to argue whether or not the facts apply to the law. The jury will remember what the testimony was. You have the law at your disposal to refer to should you need it and apply as instructed.   Your objection is overruled and your motion for a mistrial is denied.

[State]:   So, even if you believe the defendant's story, he didn't have a right to use deadly force in that moment. Why? Because he provoked it.   He even said by his own

---

[146]Petitioner's Brief, Docket Entry No. 6, p. 37.

> admission he walked straight into that room
> and he cornered Brian in that tiny little
> kitchen corner. He had nowhere to go. Why
> else does he not -- does he also have a duty
> to retreat? Because he was engaged in
> criminal activity. What did he say on the
> stand? He was cutting up pieces of crack with
> the knife to distribute it to everybody in
> the room. That's criminal activity. So, he
> doesn't get to use deadly force on any of
> those charges that we presented you with.
> He's got to retreat.[147]

Nguyen argues that although the jury could have considered his failure to retreat, he had no duty to retreat under the circumstances of this case, therefore, the prosecutor misstated the law and appellate counsel should have raised this issue on appeal.[148]

Appellate counsel conceded that he did not raise the issue, but could not say whether he would have done so because he had not reviewed the entire record or researched the law of self-defense to determine whether Nguyen had a duty to retreat.[149] The state habeas corpus court found that Nguyen was required to retreat after identifying the relevant portion of the Texas self-defense statute, Tex. Penal Code § 9.32, which went into effect in 2007, providing as follows:

> A person who has a right to be present at the location
> where the deadly force is used, who has not provoked the
> person against whom the deadly force is used, and who is

---

[147]Court Reporter's Record, vol. 5, pp. 9-10.

[148]Petitioner's Brief, Docket Entry No. 6, p. 38.

[149]Hootman Affidavit, Docket Entry No. 14-30, p. 31.

-48-

> not engaged in criminal activity at the time the deadly
> force is used is not required to retreat before using
> deadly force as described in this section.[150]

The state habeas corpus court noted that the jury instructions in

Nguyen's case "tracked this exact language."[151]  Relying on <u>Morales</u>

<u>v. State,</u> 357 S.W.3d 1, 5 (Tex. Crim. App. 2011), the state habeas

corpus court further observed that, by its express terms, the

provision stating that there is no requirement or duty to retreat

does not apply if the defendant "provoked the person against whom

force or deadly force was used or if the defendant was engaged in

criminal activity at the time."[152]  Where the provision does not

apply, a prosecutor may argue the failure to retreat as a factor in

determining whether the defendant had a right to use deadly force

in self-defense.[153]

The state habeas corpus court found that the facts of Nguyen's

case supported the prosecutor's argument that the self-defense

statute's "no duty to retreat" provision did not apply because

Nguyen was engaged in criminal activity, namely possession and

distribution of a controlled substance, and that he also initiated

---

[150]Findings and Conclusions (Part One), Docket Entry No. 14-31, pp. 56-57.

[151]Id. at 57 (citing 1 C.R 114).  See Jury Charge, Docket Entry No. 14-4, p. 21 (Instruction on Self Defense).

[152]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 57 (quoting Morales v. State, 357 S.W.3d 1, 5 (Tex. Crim. App. 2011) (citation omitted).

[153]Findings and Conclusions (Part One), Docket Entry No. 14-31, p. 58 (citing Morales, 357 S.W.3d at 5).

deadly contact with the unarmed victim when the use of deadly force occurred.[154]   Therefore,   the state habeas court found that Nguyen failed to prove that the prosecutor misstated the law or that appellate counsel was ineffective because Nguyen failed to show that there was "a reasonable probability that, but for [appellate counsel]'s failure to raise this particular issue, he would have prevailed on appeal."[155]

Nguyen, who admitted at trial that he was in possession of crack cocaine and that he was involved in drug-dealing at the time the incident occurred,[156] does not dispute that he was engaged in criminal activity.    He does not otherwise show that the prosecutor's argument was a material misstatement or that the trial court erred by overruling defense counsel's objection.    As a result, Nguyen does not establish that his appellate counsel was deficient or that he was prejudiced by counsel's failure to raise this issue on appeal.    More importantly, Nguyen does not demonstrate that the state habeas corpus court's decision to reject this claim was unreasonable and he fails to establish that he is entitled to relief on this claim.    Absent a valid claim for relief, Nguyen does not show that he is entitled to a federal writ of

---

[154]Id. at 57-58.

[155]Id. at 59.

[156]Court Reporter's Record, vol. 4, Docket Entry No. 14-19, pp. 92, 95-97, 115, 176.

habeas corpus under 28 U.S.C. § 2254(d), and his Petition must be dismissed.

## IV.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.   A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Tennard v. Dretke,</u> 124 S. Ct. 2562, 2565 (2004) (quoting <u>Slack v. McDaniel,</u> 120 S. Ct. 1595, 1604 (2000)).   Under the controlling standard this requires a petitioner to show that "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." <u>Buck v. Davis,</u> 137 S. Ct. 759, 773 (2017) (citation and internal quotation marks omitted).

After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not demonstrate that his claims could

be resolved in a different manner, a certificate of appealability will not issue in this case.

### V.   Conclusion and Order

The court **ORDERS** as follows:

1.   Respondent's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**.

2.   The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Quan Nguyen (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 24th day of November, 2020.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE